IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| STEPHANIE L., Plaintiff, vs. NANCY A. BERRYHILL, Defendant. | **MEMORANDUM DECISION AND ORDER** Case No. 2:17-cv-00819-BCW Magistrate Judge Brooke C. Wells |
|---|---|

This case is before the undersigned following the parties' consent under Federal Rule of Civil Procedure 73.[1] Oral argument was held in this matter on August 16, 2018. Glen A. Cook represented Plaintiff and Narissa C. Webber represented Defendant. After hearing oral argument and having considered the parties' memoranda, the administrative record and relevant case law, the court finds the Administrative Law Judge (ALJ) made no specific finding that each position identified by the vocational expert (VE) exists in significant number in the national economy. Accordingly, the court concludes the ALJ's findings at step five were incomplete and therefore in error. Thus, the court must reverse and remand.

---

[1] ECF No. 14.

## BACKGROUND

Plaintiff, Stephanie L.,[2] suffers from multiple sclerosis, depression and memory loss.[3] She applied for disability insurance benefits in October 2013.[4] After holding a hearing, an ALJ issued a decision in December 2015 denying Plaintiff's claim.[5] The Appeals Council denied Plaintiff's request for review. This appeal followed.

## STANDARD OF REVIEW

Because the Appeals Council denied claimant's requested review, the ALJ's decision is considered the Commissioner's final's decision for purposes of this appeal.[6] The court reviews the ALJ's decision to determine whether the correct legal standards were applied and whether factual findings are supported by substantial evidence in the record.[7] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[8] "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."[9] In considering claimant's appeal the court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."[10]

---

[2] Based on privacy concerns regarding personal information, the court does not use Plaintiff's last name. Privacy concerns are a part of many of the Federal Rules. See Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037.
[3] Tr. 210.
[4] Tr. 17.
[5] Tr. 17-27, 33-73.
[6] *Doyal v, Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003); 20 C.F.R. § 404.981.
[7] *See Doyal*, 331 F.3d at 760; *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006).
[8] *Doyal*, 331 F.3d at 760.
[9] *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988).
[10] *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).

**ANALYSIS**

Plaintiff raised ten different objections to the ALJ's analysis in her opening brief.[11] Only the seventh objection–whether the Commissioner sustained the burden to demonstrate there was a significant number of jobs–was addressed at the hearing before this court. This was the only viable argument raised by the Plaintiff. Accordingly, this court summarily adopts the arguments made in the Defendant's brief with respect to the remainder of the objections and will only address the issue of sufficiency of number of jobs in the national economy in this decision.

In this case, the ALJ found Plaintiff has the residual capacity to perform sedentary work.[12] After consulting a vocational expert (VE), the ALJ determined the Plaintiff could perform the following three positions: (1) charge account clerk, with 10,000 jobs available nationally; (2) addresser, with 9,000 jobs available nationally; and (3) cutter/paster, with 4,000 jobs available nationally.[13] In his brief, the Commissioner conceded the duties of the charge account clerk position as set forth in the Dictionary of Occupational Titles (DOT) are inconsistent with the ALJ's finding the Plaintiff would be limited to jobs with infrequent public contact—thus this job has been removed from the total number of jobs available.[14] Accordingly, combining the addresser and cutter/paster positions leaves a total of 13,000 jobs available to Plaintiff in the national economy. Plaintiff argues this number is too small, and thus the ALJ should have engaged in a multi-factor analysis to determine if this number is "sufficient."

In reviewing the transcript of the hearing, it appears the ALJ made no specific findings

---

[11] ECF No. 15 at 2.
[12] Tr. 21.
[13] Tr. 26-27.
[14] ECF No. 18 at 22.

that the relevant positions identified by the VE existed in significant numbers in the national economy. In fact, it does not appear the ALJ even evaluated this issue at all.

The Tenth Circuit has not drawn a bright line test establishing the number of jobs necessary to constitute a "significant number." In fact, the Tenth Circuit has made it clear that

> judicial line-drawing in this context is inappropriate, that the issue of numerical significance entails many fact-specific considerations requiring individualized evaluation, and most importantly, that the evaluation 'should ultimately be left to the ALJ's common sense in weighing the statutory language as applied to a particular claimant's factual situation.'[15]

However, this general rule is not without exception. The Tenth Circuit also recognized that

> it nevertheless may be appropriate to supply a missing dispositive finding under the rubric of harmless error in the right exceptional circumstance, i.e. where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative fact finder, following the correct analysis, could have resolved the factual matter in any other way.[16]

In *Allen*, the Tenth Circuit refused to find harmless error when the record only supported a determination that 100 jobs existed state-wide.[17] In *Trimiar*, the Tenth Circuit affirmed the ALJ's finding that 650-900 statewide was enough to show "sufficient" jobs in the national economy, but there was evidence in the record that the ALJ had heard testimony regarding all the factors referenced above.[18] The Commissioner argues *Trimiar* only applies when an ALJ identifies regional jobs,[19] and thus is not applicable here since the ALJ used jobs in the national economy.[20] Moreover, the Commissioner argues there is Tenth Circuit case law that stands for

---

[15] *Allen v. Barnhart*, 357 F.3d 1140, 1144 (10th Cir. 2004) (*citing Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992).
[16] *Id.* at 1145.
[17] Id. at 1145.
[18] *Trimiar*, 966 F.2d at 1331-2.
[19] ECF No. 18 at 24.
[20] Tr. 70-71.

the proposition that the number of "sufficient" jobs for harmless-error purposes is somewhere between 100 and 152,000, thus making the 13,000 jobs at issue here completely supportable.[21]

Despite these arguments, it does not change the fact that the ALJ did not explicitly evaluate or engage in a fact specific consideration of the significance of a total of 13,000 total jobs between the addresser and cutter/paster positions in the national economy. In *Norris v. Barnhart*, the Tenth Circuit declined to conclude as a matter of law that two positions which existed between 65,000 to 85,000 jobs nationally, and 125,000 jobs nationally, were present in significant numbers and remanded for the ALJ "to give consideration to the factors that should direct an ALJ's resolution of the significant number inquiry."[22] Likewise, in *Cain v. Berryhill*, a sister court in this circuit recently reversed and remanded the denial of disability benefits in part because the ALJ made no specific findings that 15,900 touch up screener jobs was a "significant number" in the national economy.[23] Thus, this court cannot say that the record as a whole supports the ALJ's conclusion. Because the court is not convinced this is harmless error, it reverses and remands the ALJ's decision on this ground.

    IT IS SO ORDERED.

DATED: this 27th day of September, 2018.

                                                     Brooke C. Wells
                                                     U.S. Magistrate Judge

---

[21] ECF No. 18 at 24, *citing Evans v. Colvin*, 640 F. App'x 731, 736-7 (10th Cir. 2016).
[22] 197 Fed.Appx. 771, 777 (10th Cir. 2006).
[23] No. 16-cv-00640-GKF-FHM, 2018 WL 1247876 (N.D. Okla. 2018).